**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **LAKE TEXOMA HIGHPORT, LLC** | § | |
| **d/b/a HIGHPORT RESORT & MARINA** | § | |
| **& HIGHPORT SOCIAL CLUB,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIV. ACTION NO.: 4:17-cv-00720** |
| | § | |
| **EVANSTON INSURANCE COMPANY,** | § | |
| **AND AXIS SURPLUS INSURANCE** | § | |
| **COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

**PLAINTIFF'S FIRST AMENDED COMPLAINT**
**FOR DECLARATORY AND OTHER RELIEF**

COMES NOW, Plaintiff Lake Texoma Highport, LLC d/b/a Highport Resort & Marina (hereinafter "Highport" or "Plaintiff") and files this First Amended Complaint against Defendant Evanston Insurance Company, as successor by merger to Alterra Excess & Surplus Insurance Company (hereinafter "Evanston"), and Axis Surplus Insurance Company (hereinafter "Axis", and alleges as follows:

**I.       PARTIES**

1.       Plaintiff, Lake Texoma Highport, LLC d/b/a Highport Resort & Marina, is a Texas limited liability company whose principal place of business is 120 Texoma Harbor Drive, Pottsboro, Texas 75076.

2.       Defendant Evanston Insurance Company is an active Illinois Corporation. Upon information and belief, its principal place of business is 4521 Highwoods Parkway, Glen Allen, Virginia 23060. Evanston may be served with process by serving its registered agent The

*Plaintiff's First Amended Complaint– Page 1*

Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

3.    Defendant Axis Surplus Insurance Company is an active Illinois Corporation. Upon information and belief, its principal place of business is 303 West Madison Street, Suite 500, Chicago, Illinois.  Axis may be served with process by serving its Counsel, Andrew Edelman, Esq. (Texas Bar No. 24069665), Winstead PC, 600 Travis Street, Suite 5200, Houston, Texas 75002. Axis has agreed that Mr. Edelman may accept service of this Amended Complaint.

## II.    JURISDICTION & VENUE

4.    This Court has diversity jurisdiction under 28 U.S.C. § 1332(a), there being diversity of citizenship between the Plaintiff and Defendants and an amount in controversy exceeding $75,000.00, exclusive of interest and costs.

5.    Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.  In addition, the property that is the subject of this action (i.e. the Marina defined below) is situated in this district.

## III.    FACTS

6.    **The Highport Marina.**  Plaintiff owns and operates a large marina on the southern shore of Lake Texoma in Grayson County, Texas (the "Marina").  Lake Texoma is the 12th largest United States Army Corps of Engineers ("USACE") lake.  It is formed by the Denison Dam on the Red River in Bryan County, Oklahoma and Grayson County, Texas at the confluence of the Red and Washita Rivers.  It is a popular lake, attracting about 6 million visitors per year.

7.    The Marina consists of land leased from the USACE, a restaurant, a club, 800+ slips, some with "dockominiums," multiple docks, gas sales, service center, a bulkhead, and a long list of other amenities normally associated with a world class marina.

8.     **The Axis Insurance Policy.**  Plaintiff entered into an insurance agreement with Axis, policy no. EAF783219-14 (the "Axis Policy"), that was effective from September 12, 2014 to September 12, 2015 whereby Axis agreed to insure Plaintiff from loss due to damage caused by wind and/or flood. This policy provided for $2,500,000.00 for flood damage and $2,500,000.00 for wind damage.  There is no aggregate limit on the Axis Policy and the Axis Policy provides for $2,500,000.00 per occurrence.

9.     **The Evanston Insurance Policy.**  Plaintiff also entered into an excess insurance agreement, policy no. MKLS13XP000664 (the "Policy"), with Evanston that was effective from September 9, 2014 until September 12, 2015 whereby Evanston agreed to insure Plaintiff from loss due to damage caused by wind, and specifically excluding flood damage. This Policy provided for $2,500,000.00 of coverage for damage caused by wind.

10.     **The May-June 2015 Flooding Event.**  Devastating flooding occurred at Lake Texoma throughout May and June 2015.  The lake has crested the dam's spillway at a height of 640 ft. only five times in its history: once in 1957, again in 1990, 2007, May 24, 2015, and most recently on June 18, 2015.  The lake's previously highest elevation was recorded on May 6, 1990, at 644.76 feet.  This record was broken on May 29, 2015, and the lake crested on June 1, 2015, at a new record elevation of 645.72 feet.  News reports indicate that the inflow to the lake was approximately 300,000 cubic feet per second.  Lives and homes were lost and the Marina suffered substantial damage.  By the time the lake crested on June 1, 2015, the Marina was substantially under water.

11.     **The May-June 2015 Wind Event.**  High winds also plagued the area during the May – June 2015 time frame.  On Monday, May 25, 2015 a severe wind storm occurred causing substantial damage to the Marina.  A number of boathouses were pushed off their pilings and

slammed into one another.  Other wind events occurring after May 25, 2015 through the receding of the flood waters caused further damage to the Marina.

12.    Axis attempted to argue that there was almost $1,600,000.00 to the docks, waterways, ramps to the docks and associated areas. Plaintiff agrees that there was, at a minimum, at least that much damage to the aforementioned structures/areas.

13.    During the claim negotiations Axis attempted to allocate approximately $1,600,000.00 in flood damages to the docks and associated areas and the remainder to the restaurant. Plaintiff disagreed and refused to accept this allocation. Axis subsequently agreed to pay the full $2,500,000.00 under the policy for damage caused by flood, with no allocation and without prejudice to make subsequent claims under the wind portion of the policy. This improper and incorrect allocation appeared to be an attempt by Axis to avoid paying the claim for damage due to wind.  Additionally, no release was signed by either party.

14.    To date, Axis has tendered the sum of $2,500,000.00 to Plaintiff on account of its claim for flood damage under the Axis Insurance Policy.  However, Axis has failed and refused to pay any monies to Plaintiff on account of its claim for wind damage under the Axis Insurance Policy.  In fact, Axis has denied coverage for losses due to wind damage under the Axis Insurance Policy.

15.    After Axis denied Plaintiff's claim for wind damage, Plaintiff made a claim for losses caused by wind damage under the Evanston Insurance Policy.

16.     The Evanston Insurance Policy specifically covers damage caused by wind, not water. All sums for which Plaintiff seeks recovery in this proceeding constitute losses caused by wind damage.

17. On August 1, 2017 Evanston's agent, Engle Martin & Associates, denied Plaintiff's insurance claim for wind damage. The stated reason for the denial was that the losses incurred by the Marina were caused by flooding, and not wind damage. This is simply incorrect.

18. The Marina sustained significant damage caused by wind in May – June 2015. Both Defendants issued insurance policies covering wind damage that were in full force and effect at the time the damage was sustained, and both Defendants are responsible for compensating Plaintiff for said damages under the respective insurance policies.

## IV.    COUNT 1 – BREACH OF CONTRACT AGAINST AXIS

19. Plaintiff incorporates by reference the allegations of the preceding paragraphs in this Amended Complaint.

20. Plaintiff and Defendant Axis entered into a valid and enforceable insurance policy contract whereby Plaintiff agreed to pay Defendant for property insurance providing blanket coverage for, among other things, all of Plaintiff's real and personal property associated with the Marina. Plaintiff performed its contractual obligations by making premium payments.

21. Defendant Axis breached the Axis insurance policy contract by failing to provide Plaintiff with blanket coverage for its losses caused by wind damage, failing to properly adjust Plaintiff's claim for wind damage as required under the policy, and denying Plaintiff's claim for wind damage under the policy.

22. As a direct and proximate cause of Defendant Axis' breach of the Axis insurance policy contract, Plaintiff has been damaged in excess of $1,000,000.00.

23. All conditions precedent have been satisfied or waived.

24. Plaintiff is also seeking recovery of its attorneys' fees and costs for pursuing this action against Defendant Axis as allowed under applicable law.

## V.    COUNT 2 – BREACH OF CONTRACT AGAINST EVANSTON

25.    Plaintiff incorporates by reference the allegations of the preceding paragraphs in this Amended Complaint.

26.    Plaintiff and Defendant Evanston entered into a valid and enforceable insurance policy contract whereby Plaintiff agreed to pay Defendant for property insurance providing blanket coverage for, among other things, all damage to Plaintiff's real and personal property associated with the Marina that was caused by wind. This policy was triggered upon the denial by Axis of Plaintiff's claim for wind damage under the Axis Insurance Policy.

27.    Defendant Evanston breached the Evanston insurance policy contract by failing to provide Plaintiff with blanket coverage for property damage caused by wind, failing to properly adjust Plaintiff's claim for wind damage as required under the policy, and denying Plaintiff's claim for wind damage under the policy.

28.    As a direct and proximate cause of Defendant Evanston's breach of the Evanston insurance policy contract, Plaintiff has been damaged in excess of $1,000,000.00.

29.    All conditions precedent have been satisfied or waived.

30.    Plaintiff is also seeking recovery of its attorneys' fees and costs for pursuing this action against Defendant Evanston as allowed under applicable law.

## VI.    COUNT 3 – SUIT FOR DECLARATORY RELIEF

31.    Plaintiff incorporates by reference the allegations of the preceding paragraphs.

32.    This declaratory judgment action is brought pursuant to 28. U.S.C §§ 2201 and 2202, and Fed. R. Civ. P. 57.

33.     Pursuant to the Federal Declaratory Judgments Act, 28 U.S.C. §§ 2201 (Creation of Remedy) and 2202 (Further Relief), Plaintiff seeks a judgment determining and declaring as follows:

34.     The Axis Insurance Policy provides coverage for damage to the Marina caused by wind.

35.     Axis failed to provide coverage for damage to the Marina caused by wind.

36.     Alternatively, if Axis is not required to provide coverage then Plaintiff seeks a judgment declaring that Evanston is responsible for providing coverage to the Marina due to damage caused to the Marina by wind.

37.     Pursuant to 28 U.S.C. §2201(a), Plaintiff requests that this Court enter a declaratory judgment against Defendants and further requests that the judgment includes an award of reasonable and necessary attorneys' fees.

### VII.    VIOLATIONS OF TEXAS INSURANCE CODE

38.     Plaintiff incorporates by reference the allegations of the preceding paragraphs in this Amended Complaint.

39.     Defendants and/or its assigns adjuster's actions constitute violations of the Texas Insurance Code ('TEX. INS. CODE"), Chapters 541 and 542, including but not limited to:

a.  Misrepresenting to Plaintiff pertinent facts or policy provisions relating to the coverage at issue (TEX. INS. CODE § 54L060(a)(l));b.

b.  Failing to attempt, in good faith, to effectuate a prompt, fair and equitable settlement of a claim with respect to which the insurer's liability has become reasonably clear (§ 541.060(a)(2)(A));

c.    Forcing Plaintiff to file suit to recover amounts due under the policy by refusing to pay all benefits due (§ 542.003(b)(5));

40.    Defendants' aforementioned conduct compelled Plaintiff to initiate this lawsuit to recover amounts due under the policies, by offering substantially less than the amount ultimately recovered. Defendant refused to offer more than the grossly undervalued estimates prepared by Defendants and/or Defendants' assigned adjuster, despite knowing the actual damages were much greater than what was offered.  Defendants' continued refusal to offer appropriate compensation compelled Plaintiff to file suit. § 542.003(5).

41.    As a result of Defendants' unfair and deceptive actions and conduct, Plaintiff has been forced to retain the legal services of the undersigned attorneys to protect and pursue these claims on its behalf. Accordingly, Plaintiff also seeks to recover its costs and reasonable and necessary attorney's fees as permitted under TEX. BUS. & COM. CODE§ 17.50(d) or TEX. INS. CODE§ 541.152 and any other such damages to which Plaintiff may show itself justly entitled by law and in equity.

42.    Plaintiff would further submit that the alleged violations were committed knowingly.

## VIII.   JURY DEMAND

43.    Plaintiff hereby demands a trial by jury.

## IX.    CONDITIONS PRECEDENT

44.    All conditions precedent to Plaintiff's claims for relief have been performed or have occurred.

## PRAYER

WHEREFORE PREMISES CONSIDERED, Plaintiff respectfully requests that Defendants be cited to appear an answer, and that upon final trial, the Court order the relief requested hereinabove; award Plaintiff its costs and reasonable and necessary attorney's fees, and for such other and further relief to which Plaintiff is entitled.

Respectfully submitted,

SHIELDS LEGAL GROUP, P.C.
/s/ R. Brian Shields
James D. Shields
State Bar No. 18260400
Bart F. Higgins
State Bar No. 24058303
R. Brian Shields
State Bar No. 24056310
16301 Quorum Drive, Suite 250B
Addison, Texas 75001
(972) 788-2040 -Main
(972) 788-4332 –Facsimile
Email: jshields@shieldslegal.com
        bhiggins@shieldslegal.com
        bshields@shieldslegal.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 21, 2017 a true and correct copy of this instrument was forwarded to all known counsel of record via e-mail.

J. Richard Harmon
rharmon@thompsoncoe.com
Linda Szuhy Ressetar
lressetar@thompsoncoe.com
Cyrus W. Haralson
charalson@thompsoncoe.com


  /s/ R. Brian Shields_____
R. Brian Shields